UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDY STEWART,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 07-5480 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　Kandy Stewart filed this action on August 27, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on September 7 and 14, 2007. On May 14, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion.

///
///
///
///

**I.**

## PROCEDURAL BACKGROUND

On August 24, 2004, Stewart filed an application for supplemental security income benefits. A.R. 17. The application was denied initially and on reconsideration. A.R. 32-33. Stewart requested a hearing by an Administrative Law Judge ("ALJ"). A.R. 35. The ALJ conducted a hearing on August 7, 2006, at which Stewart and a vocational expert testified. A.R. 306-323. On December 18, 2006, the ALJ issued a decision denying benefits. A.R. 14-22. On June 18, 2007, the Appeals Council denied Stewart's request for review. A.R. 7-10. This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Stewart has chronic pain and depressive disorder, not otherwise specified. A.R. 21. Stewart has the residual functional capacity to "perform light exertion with occasional climbing of ropes/ladders. She also has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace with no episodes of decompensation, each of extended duration." *Id.* Based on her residual functional capacity, the ALJ found that Stewart could not perform her past relevant work, but could perform a significant number of jobs in the national economy, including such jobs as housekeeper/maid or hand stitch machine operator. A.R. 22.

## C. Whether the ALJ Received Dr. ElKhoury's Opinion

At the August 7, 2006 hearing, the ALJ admitted Exhibits 1A through 18F. A.R. 308. The ALJ asked counsel how long she would like to leave the record open to obtain updated medical records, and counsel said "[t]hirty days is plenty." A.R. 309. The ALJ granted Stewart's request. *Id.* The Certified Administrative Record contains an additional Exhibit 19F. A.R. 278-285. The ALJ's decision issued on December 18, 2006, and refers to Exhibit 19F. A.R. 14, 19-20.

On February 16, 2007, Stewart requested review by the Appeals Council and argued that the ALJ did not consider new evidence submitted on September 25, 2006. A.R. 11, 304. Stewart enclosed a copy of a cover letter dated September 25, 2006 (A.R. 286) and two items: (1) medical records from Dr. Georges ElKhoury,[1] Comprehensive Pain Care Medical Center, dated July 18, 2006 (A.R. 287-301); and (2) a computer printout from "Store 9590" entitled "Patient Rx History" for Stewart covering the period 11/1/05 to 7/7/06 (A.R. 302-303).

There is no evidence in the record that the ALJ received Stewart's September 25, 2006 letter or the enclosures prior to the ALJ's decision. The ALJ's decision does not refer to those documents.

Stewart's argument that the Commissioner never considered Dr. ElKhoury's opinion is incorrect. The Appeals Council received Stewart's February 16, 2007 letter and enclosures. A.R. 10. "[I]f new and material evidence is submitted, . . . the Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council will then "make a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.979. The Appeals Council "may affirm, modify or reverse the administrative law judge hearing decision." *Id.*

The Appeals Council reviewed the documents and concluded that "this information does not provide a basis for changing the Administrative Law Judge's

---

[1] It is not clear who completed the "provider" portion of the form, Dr. ElKhoury or Olga Verkhovsky (a nurse practitioner). The Court assumes without deciding that the "provider" is Dr. ElKhoury.

4

decision." A.R. 7-8, 10.  The Appeals Council designated the ALJ's decision as the final decision of the Commissioner.  A.R. 7.

Given that the Appeals Council considered the newly submitted medical records in the context of denying review, this Court also considers the reports. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000).

Stewart argues that the report is "new and material evidence" the ALJ must consider. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  For the evidence to be "material," Stewart must demonstrate "a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citation omitted).

Stewart argues that Dr. ElKhoury's opinion is material because (1) the ALJ failed to mention obesity, whereas Dr. ElKhoury specifically found that obesity contributed to her disability; (2) the ALJ found Stewart not totally credible in part due to lack of treatment and pain management; and (3) Stewart's pain is made worse with extension of back and prolonged sitting/standing.  A.R. 300.

The first two arguments are without merit.  First, contrary to Stewart's contention, the ALJ expressly considered the examining physician's diagnosis of obesity.  A.R. 18 ("On examination, [Dr. Tamiry] noted that the claimant was obese, but appeared to be in no acute distress."); *Id.* ("Dr. Tamiry diagnosed . . . exogenous obesity.").  The residual functional capacity determination took into account Stewart's obesity.  *Id.* at 18-19.  Moreover, contrary to Stewart's argument, Dr. ElKhoury's check-the-box form does not specifically find obesity as contributing to disability.  Dr. ElKhoury circled a letter on a pre-printed form that stated "[c]ontributory comorbid illness includes obesity, depression, anxiety, cardiac, respiratory." A.R. 300.  Dr. ElKhoury did not circle any of the illnesses listed.  It is not reasonable to interpret the form as finding that all listed illnesses

///

5

applied to Stewart. For example, Dr. Khoury did not indicate any abnormality in cardiovascular or pulmonary function. A.R. 299.

Second, the ALJ did not give weight to Stewart's pain allegations for several reasons, including: (1) inconsistency with the objective findings; (2) little evidence of treatment; (3) when treated she received conservative treatment, (4) no follow-through on referral for pain management; and (5) no evidence of using home remedies such as heating pad, hot water bottle, or hot baths for pain relief. A.R. 19.

Of the ALJ's five reasons, Dr. ElKhoury's records at best address only one based on lack of follow-through on referral for pain management. Dr. ElKhoury's records indicate one visit to Comprehensive Pain Care Medical Center on July 18, 2006. A.R. 289-301.

The ALJ's other four reasons remain valid. Dr. ElKhoury relied on an MRI dated March 20, 2006. A.R. 296. That MRI is in the record before the ALJ. A.R. 277. As the ALJ noted, the MRI showed a "[m]ild broad based bulge at L5-S1 with mild ventral impression on the thecal sac; otherwise, normal lumbar spine MRI." A.R. 277; A.R. 18. Accordingly, the ALJ's finding that Stewart's pain allegations are not consistent with the objective evidence is unaffected. The absence of objective evidence supporting Stewart's allegations may properly be considered, although it would not be sufficient alone to discount her credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The three reasons showing little treatment, conservative treatment, and no evidence of use of home remedies are also unaffected by Dr. ElKhoury's medical records. Dr. ElKhoury's record of one visit with Stewart indicate a treatment plan consisting of a nerve block. *See Falcon v. Heckler*, 732 F.2d 827, 830 (11th Cir. 1984) (conservative treatment for pain including nerve blocks); *Scalzo v. Heckler*,

6

652 F. Supp. 530, 532 (D.R.I. 1987) (conservative treatment for pain including nerve blocks, heat, exercise). The Rx computer printout of medications is cumulative of information already in the record. A.R. 302-303. The forms Stewart submitted before the hearing indicated that she was taking pain medications. A.R. 143, 146. Other records submitted before the hearing indicate that Stewart was prescribed or was taking pain medications. A.R. 158 (prescribing Celebrex); A.R. 281 (taking Vicodin).[2]

Thus, even assuming that a failure to follow through on referral for pain management is no longer valid based on a visit to Dr. ElKhoury, the ALJ's other reasons for discounting Stewart's credibility are supported by substantial evidence and are not minor. When, as here, an ALJ articulates specific reasons for discounting a claimant's credibility, reliance on one illegitimate reason among other valid ones does not automatically warrant a remand. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Stewart's final argument is that Dr. ElKhoury circled an item on the form that reads: "Pain-related disability includes work, activities of daily living, leisure, social, mood, and irritability." A.R. 300. Further, Dr. ElKhoury circled an item on the form that states: "Pain is made worse with (1) extension of back, (2) prolonged sitting/standing, and (3) tenderness over facet area." *Id.*

Stewart does not demonstrate "a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 462. Dr. ElKhoury's check-the-box opinion is conclusory and not based on objective medical findings other than the MRI in the record that the ALJ found did not support the severity of Stewart's pain allegations. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings may be

---

[2] Stewart also testified at the hearing that she took Vicodin and Celebrex for pain. A.R. 318, 319.

7


rejected); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's conclusory check-list report); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (conclusory, check-the-box form is "inadequate"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (rejecting check-off reports that did not explain basis of conclusions).

Even assuming that Stewart is precluded from extending her back and prolonged sitting/standing due to pain, Stewart makes no affirmative showing of a reasonable possibility that this evidence would have changed the outcome. *Cf. Booz v. Secretary of Health & Human Services*, 734 F.2d 1378, 1381 (9th Cir. 1984).

On the other hand, this Court is reluctant to speculate as to whether the ALJ would have found the proposed restrictions appropriate and, if so, whether the vocational expert's testimony would have been different in response to a hypothetical that included the proposed restrictions in addition to the hypothetical posed by the ALJ.  A.R. 320-321.  According this matter is remanded for consideration of Dr. ElKhoury's medical records.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the Commissioner's decision is reversed and remanded for proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 15, 2008

*alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge